

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# George Rowann v. City of Erie

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3198

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"George Rowann v. City of Erie" (2008). *2008 Decisions.* Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-42                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3198
_____

GEORGE M. ROWANN,
                                        Appellant

v.

CITY OF ERIE, PENNSYLVANIA;
COUNTY OF ERIE, PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-00304)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008

Before:  SLOVITER, FUENTES AND JORDAN, Circuit Judges

(filed: December 17, 2008 )

_____

OPINION

_____

PER CURIAM

In two jury trials in 1991, George M. Rowann was convicted in the Erie County Court of Common Pleas of, inter alia, multiple counts of burglary and criminal conspiracy. He received a sentence that included forty to eighty years of imprisonment. Thereafter, Rowann unsuccessfully sought relief from his convictions and sentence in state courts.

In November 2007, Rowann filed a pro se complaint in the Western District of Pennsylvania against the city and county of Erie, Pennsylvania ("Appellees"), claiming that his constitutional and civil rights were violated under 42 U.S.C. § 1983 by the imposition of an "illegal" sentence and by evidence tampering and witness coercion that allegedly occurred in his 1991 trials.[1] Rowann sought immediate release from prison, as well as compensatory and punitive damages. Appellees moved to dismiss Rowann's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 15, 2008, the District Court adopted the report and recommendation of Magistrate Judge Susan Paradise Baxter and granted Appellees' motions to dismiss. For the following reasons, we will affirm.

When considering a motion to dismiss a complaint pursuant to Rule 12(b)(6), a

---

[1] Rowann also claims that the alleged misconduct surrounding his trial and the imposition of his sentence are criminal offenses under 18 U.S.C. §§ 241, 242, 1506, 1512, and 1513. We construe all of his allegations, as did the District Court, as a civil rights claim under 42 U.S.C. § 1983.

2

court must view the factual allegations as true and dismiss only if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). As noted by the Magistrate Judge, Rowann's claim is, in essence, that his improper sentence subjects him to illegal imprisonment, entitling him to monetary relief and immediate release. We agree with the Magistrate Judge that Rowann's claim is not cognizable under 42 U.S.C. § 1983 and must be dismissed.

If a prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Rowann's claim is precisely the type that must be dismissed under Heck because he seeks compensation for imprisonment under an illegal sentence but has not demonstrated that his sentence has been invalidated. On the contrary, Rowann has presented evidence that state courts thus far have denied his appeals. Until Rowann can convince an appropriate court that his sentence is unlawful, his § 1983 claim is not cognizable.

Moreover, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus." Preiser v.

Rodriguez, 411 U.S. 475, 500 (1973). A declaration that Rowan's sentence violates the law and an order releasing him immediately from prison may only be sought in a petition for a writ of habeas corpus and Rowann's claims for such relief must therefore be dismissed.

Accordingly, because we agree with the District Court that Rowann's amended complaint fails to state a claim upon which relief can be granted, we will affirm its order granting Appellees' motions to dismiss under Rule 12(b)(6). In light of this disposition, Rowann's motion for the appointment of counsel to represent him on appeal is denied.